IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICKEY WHITE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0025-WS-M |
| | ) |
| **RANDALL WORKMAN,** | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This transferred habeas matter comes before the Court on petitioner's Motion for Permission to Appeal *In Forma Pauperis* (doc. 16).

On February 14, 2012, the undersigned entered an Order (doc. 12) transferring this action to the U.S. District Court for the Eastern District of Oklahoma. That Order adopted a Report and Recommendation (doc. 7) in which the Magistrate Judge recommended such a transfer because venue is obviously improper in this District Court, given that the underlying conviction and petitioner's place of incarceration both lie in the Eastern District of Oklahoma. The Clerk's Office effectuated such a transfer on February 14, 2012. As a result, White's § 2254 Petition is no longer pending in this District Court.

Now, White seeks leave to appeal from that ruling without prepayment of fees and costs. Even if a petitioner is economically eligible, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous.[1] The Court **certifies** that any appeal by White of the

---

[1] *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points (Continued)

February 14 Order transferring this action to the Eastern District of Oklahoma would be plainly frivolous.  Venue is obviously improper in this judicial district.  *See, e.g., Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985) ("A petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration."); 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, *the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him*") (emphasis added).

White's contemplated appeal from the transfer of his § 2254 petition is plainly frivolous. He could not bring a habeas petition in this jurisdiction, inasmuch as he is not in custody in the Southern District of Alabama, and the Oklahoma state court that convicted and sentenced him is not located in the Southern District of Alabama.  Besides, any appeal of the transfer order at this time would almost certainly fail for lack of appellate jurisdiction.  *See United States v. Snipes*, 512 F.3d 1301, 1302 (11th Cir. 2008) ("We conclude that this Court lacks jurisdiction over this appeal under the collateral order doctrine.  We conclude that an order pertaining to venue is effectively reviewable after entry of judgment.").

For the foregoing reasons, the  Motion for Permission to Appeal *In Forma Pauperis* (doc. 16) is **denied**.

DONE and ORDERED this 5th day of March, 2012.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).